IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OVERSTREET ELECTRIC CO., INC.<br>dba OVERSTREET ENGINEERING<br>& CONSTRUCTION, INC.,<br><br>Plaintiff, | ) | |
| v. | ) | No. 04-1067C<br>(Senior Judge Loren A. Smith) |
| THE UNITED STATES,<br><br>Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER TO COMPLAINT TO ASSERT A COUNTERCLAIM

Pursuant to Rule 15 (a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests leave to file an amended answer to include a counterclaim. Counsel for plaintiff has indicated that plaintiff does not oppose the granting of this motion. A copy of the proposed amended answer and counterclaim is attached to this motion.[1]

On July 29, 2003, the contracting officer ("CO") issued a final decision terminating for default the Disposal Area Improvements and Weir Replacement, Savannah Harbor, Disposal Area 12A contract with Overstreet.

Pursuant to the Federal Acquisition Regulation ("FAR") 49.402-6 and 49.402-7(b), the CO exercised her authority to re-procure the work not performed by Overstreet under the defaulted contract. On December 24, 2003, the CO competitively awarded a contract to L-J, Inc., to

[1] Paragraphs 1-66 of our proposed amended answer and counterclaim are identical to paragraphs 1-66 of our previously filed answer. The new material is contained in paragraphs 67 - 76.

clear the area, to construct ditches, to de-water the area, and to perform a topographical survey in order to provide the re-procurement contractor with accurate data. The final amount paid to L-J., Inc., was $482,661.00. The work covered by the L-J contract was work that Overstreet was required to perform under its contract or work that was caused by Overstreet's performance. On August 17, 2004, the CO competitively awarded a second contract to L-J, Inc., in the amount of $1,297,741.00. The work covered by the re-procurement contract was the same or similar to that specified in the contract awarded to Overstreet. The Government also incurred in-house costs amounting to $72,374.07 associated with developing and awarding the re-procurement contracts and the costs of administering those contracts.

On January 28, 2005, the CO issued a final decision demanding payment of $1,480,942.87, the balance after the $548,215.20 in funds remaining obligated to Overstreet's contract had been applied to the $2,029,158.07 in re-procurement costs. Overstreet has not paid the 1,480,942.87 demanded by the CO's final decision.

## BACKGROUND

RCFC 15(a) allows for amendment of a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Consistent with the plain language of RCFC 15(a), this Court and its predecessor, the Court of Claims, have recognized that leave to amend a defendant's answer should be freely granted. Cities Service Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14, 543 F.2d 1306, 1313 n. 14 (1976)(waiver defense considered on the merits where Government did not plead it in its answer, but both parties exhaustively treated the issue in motions); St. Paul Fire and Marine Insurance Co. v. United States, 31 Fed. Cl. 151, 153-54 (1994); Johnson v. United States, 15

Cl. Ct. 169, 172 (1988); Effingham County Board of Education v. United States, 9 Cl. Ct. 177, 180 (1985).

A party should be allowed to litigate all substantive issues, absent a showing of undue delay, bad faith, or a dilatory motive. Hess v. United States, 210 Ct. Cl. 483, 491-92, 537 F.2d 457 (1976) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)); St. Paul Fire & Marine Insurance Co. v. United States, 31 Fed. Cl. at 153-54 (1994). None of those situations is present here.

Quoting the Supreme Court's interpretation of Rule 15(a) of the Civil Rules of Procedure in Foman v. Davis, 371 U.S. 178, 182 (1962), this Court in Effingham County Board of Education, stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances to be relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Effingham County, 9 Cl. Ct. at 180.

The Court considered Supreme Court's list of reasons for denying a Rule 15(a) motion, set forth in Foman, to be instructive – but not exclusive. Accordingly, a denial properly could be based upon a reason other than one articulated in Foman, but the reason would have to be

compelling, or it would not meet the strict Foman standard. See also Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (courts "have recognized the appropriateness of amending an answer to raise additional defenses").

This counterclaim could not have been asserted at the time our answer was filed on October 19, 2004, because the CO's final decision demanding payment of the re-procurement costs was not issued until January 28, 2005. See United Partition Systems, Inc. v. United States,

59 Fed. Cl. 627, 641 (2004)(no jurisdiction in absence of valid contracting officer's decision). Plaintiff will not be prejudiced by the amendment of our answer at this time since the subject matter of the counterclaim was known by plaintiff during, and immediate subsequent to, performance of the contract.

Accordingly, defendant respectfully requests leave to file the amended answer and counterclaim.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

March 1, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2005, a copy of the foregoing Defendant's

Motion for Leave to File an Amended Answer to Complaint and Counterclaim was filed

electronically. I understand that notice of this filing will be sent to all parties of record by operation of

the Court's electronic filing system. Parties may access this filing through the court's system.

s/ Leslie Cayer Ohta