IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| OVERSTREET ELECTRIC CO., INC.<br>dba OVERSTREET ENGINEERING<br>& CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-1067C<br>(Senior Judge Loren A. Smith) |

DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied except to admit that the contract was terminated for default on July 29, 2003.

3. The allegations contained in paragraph 3 are admitted.

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 are admitted to the extent supported by the document cited, which is the best evidence of its terms.

6. The allegations contained in paragraph 6 are admitted except that the disposal area consists of approximately 29,000 linear feet, not 12, 900.

7. The allegations contained in the first sentence of paragraph 7 that the borrow area was "within" the disposal area is denied because the entire disposal area was the borrow area; the remaining allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are admitted to the extent supported by the document cited, which is the best evidence of its terms.

9. The allegations contained in paragraph 9 are admitted to the extent supported by the documents cited, which are the best evidence of their terms.

10. The allegations contained in paragraph 10 are denied.

11. The allegations contained in paragraph 11 are denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

12. The allegations contained in paragraph 12 are denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

13. The allegations contained in paragraph 13 are denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

14. The allegations contained in paragraph 14 are admitted except to deny that the designation was done "in accordance with the contract."

15. The allegations contained in paragraph 15 are admitted except to deny that the differences in elevation were "material."

16. The allegations contained in the first sentence of paragraph 16 are admitted except to deny that the Government "directed" plaintiff's activities and to deny that it was on March 27, 2002, rather than on October 12, 2001, that the Government permitted the excavation to exceed the two-foot depth. The allegations contained in the second sentence of paragraph 16 are admitted to the extent supported by the document cited, which is the best evidence of its terms.

17. The allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 are denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

19. The allegations contained in the first and third sentences of paragraph 19 are denied. The allegations contained in the second sentence of paragraph 19 are admitted.

20. The allegations contained in paragraph 20 are admitted.

21. The allegation contained in paragraph 21 regarding the contents of the contract are admitted to the extent supported by the document cited, which is the best evidence of its terms; the remaining allegations contained in paragraph 21 are denied.

22. The allegations contained in paragraph 22 are denied.

23. The allegation contained in paragraph 23 regarding the "notification" are admitted to the extent supported by the document cited, which is the best evidence of its terms; the substance of the allegations contained in that notification are denied.

24. The allegation contained in paragraph 24 regarding plaintiff's "explanation" are admitted to the extent supported by the document cited, which is the best evidence of its terms; the substance of the allegations contained in that explanation are denied.

25. The allegation contained in paragraph 25 that the Government began to assess liquidated damages on or about September 5, 2002, is admitted; the remaining allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 regarding plaintiff's "notification" are admitted to the extent supported by the document cited, which is the best evidence of its terms; the substance of the allegations contained in that notification are denied.

27. The allegations contained in paragraph 27 regarding plaintiff's "notification" are admitted to the extent supported by the document cited, which is the best evidence of its terms; the substance of the allegations contained in that notification are denied.

28. The allegation contained in paragraph 28 that plaintiff ceased borrow operations on or

about November 11, 2002, is admitted; the remaining allegations contained in paragraph 28 are denied.

29. The allegations contained in paragraph 29 are admitted to the extent supported by the documents cited, which are the best evidence of their terms, otherwise the allegations are denied.

30. The allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are admitted.

32. The allegation contained in paragraph 32 are admitted to the extent supported by the documents cited, which are the best evidence of their terms.

33. The allegations contained in paragraph 33 are admitted.

34. The allegation contained in paragraph 34 are admitted to the extent supported by the documents cited, which are the best evidence of their terms.

35. The allegations contained in paragraph 35 are admitted to the extent supported by the documents cited, which are the best evidence of their terms, otherwise the allegations are denied.

36. The allegations contained in paragraph 36 are denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

37. The allegations contained in paragraph 37 are denied to the extent that the use of "flow" implies more water than a trickle.

38. The allegations contained in paragraph 38 are admitted.

39. The allegations contained in paragraph 39 are admitted.

40. The allegation contained in paragraph 40 that a meeting was held on May 27, 2003, to discuss the status of the project and the need for a technical meeting; the remaining allegations contained in paragraph 40 are denied.

41. The allegation contained in paragraph 41 that plaintiff was directed to resume work is

admitted; the remaining allegations contained in paragraph 41 are denied.

42. The allegations contained in paragraph 42 are admitted.

43. The allegation contained in paragraph 43 are admitted to the extent supported by the document

referred to, which is the best evidence of its terms.

44. The allegation contained in paragraph 44 that plaintiff requested a 224 time extension is admitted; the remaining allegations contained in paragraph 44 are denied.

45. The allegations contained in paragraph 45 are denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

46. The allegations contained in paragraph 46 are denied.

47. The allegations contained in paragraph 47 that a technical meeting was held is admitted; the remaining allegations contained in paragraph 47 are denied.

48. The allegations contained in paragraph 48 are admitted to the extent supported by the document cited, which is the best evidence of its terms.

49. The allegations contained in paragraph 49 are admitted to the extent supported by the document cited, which is the best evidence of its terms; otherwise the allegations are denied.

50. The allegation contained in paragraph 50 that a meeting was held at the site on July 21, 2003, is

admitted; the remaining allegations are denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

51. The allegations contained in paragraph 51 are admitted.

52. The allegation contained in the first sentence of paragraph 52 that it rained the weekend preceding July 28, 2003, is admitted; the remaining allegations contained in paragraph 52 are

denied for lack of knowledge sufficient to form a belief as to the truth of the matters asserted.

53. The allegation contained in paragraph 53 that plaintiff was terminated for default on July 29, 2003 is admitted; the remaining allegations are denied.

54. The allegation contained in paragraph 54 is denied. The allegations contained in paragraph 54are admitted to the extent supported by the document cited, which is the best evidence of its terms.

55. The allegations contained in paragraph 55 are denied.

56. The allegations contained in paragraph 56 are denied.

57. The allegations contained in paragraph 57 are denied.

58. The allegations contained in paragraph 58 are denied.

59. The allegations contained in the first sentence of paragraph 59 are admitted to the extent supported by the document cited, which is the best evidence of its terms. The allegation contained in the second sentence of paragraph 59 is admitted.

60. The allegations contained in paragraph 60 are admitted.

61. The allegations contained in paragraph 61 are admitted to the extent supported by the document cited, which is the best evidence of its terms.

62. The allegations contained in paragraph 62 are denied.

63. The allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 are denied.

65. The allegations contained in paragraph 65 are denied.

66. The allegations contained in paragraph 66 are denied.

Defendant denies each and every allegation not previously admitted or denied.

Defendant denies plaintiff is entitled to the relief set forth in the prayer for relief

immediately following paragraph 66, or to any relief whatsoever.

DEFENDANT'S FIRST COUNTERCLAIM

67. Jurisdiction is provided by 28 U.S.C. § 2508.

68. On September 13, 2001, Overstreet was awarded the Disposal Area Improvements and Weir Replacement, Savannah Harbor, Disposal Area 12A contract in the amount of $4,306,035.86.

69. On July 29, 2003, the contracting officer ("CO") issued a final decision terminating for default the contract with plaintiff since plaintiff had essentially performed no work upon the project since a suspension of work order was lifted on May 9, 2003.

70. Pursuant to the Federal Acquisition Regulation ("FAR") 49.402-6 and 49.402-7(b), the Government exercised its authority to replace the work and charge the costs to plaintiff.

71. On December 24, 2003, the Government competitively awarded a contract to L-J, Inc., to clear the area, to construct ditches, to de-water the area, and to perform a topographical survey in order to provide the re-procurement contractor with accurate data. The final amount paid to L-J., Inc., was $482,661.00. The work covered by the contract was work that plaintiff was required to perform under its contract or work that was caused by plaintiff's performance.

72. On August 17, 2004, the Government competitively awarded a contract to L-J, Inc., in the amount of $1,297,741.00. The work covered by the re-procurement contract was the same or similar to that specified in the contract awarded to plaintiff.

73. The Government also incurred in-house costs amounting to $72,374.07 associated with developing and awarding the re-procurement contracts and the costs of administering those contracts.

74. At the time of termination, there was $548,215.20 in funds remaining obligated to

plaintiff's contract which have been applied to the $2,029,158.07 in re-procurement costs.

75. On January 28, 2005, the CO issued a final decision demanding payment of $1,480,942.87 as compensation for the costs incurred to re-procure the performance of the contract.

76. Due to plaintiff's failure to adequately perform this work, the Government incurred damages of $1,480,942.87, for which plaintiff is liable. Plaintiff has not paid the $1,480,942.87 demanded by the CO's final decision.

WHEREFORE, defendant requests that the Court enter judgment in favor of the defendant in the amount of $1,480,942.87, or an amount to be proven at trial, plus interest as provided by law, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

March 1, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2005, a copy of the foregoing Defendant's Amended Answer and Counterclaim was filed electronically. I understand that notice of this filing will be sent to all parties of record by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

s/ Leslie Cayer Ohta